FILED-USDC-NDTX-DA
'26 AUG 31 PM12:35
JJF

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

**Bindhu A Poovannumvila,**
**Plaintiff,**

**3-26CV2944-E**

**v.**

**Civil Action No. ____________________**

**The Honorable Douglas A Collins, In his Official Capacity as Secretary of Veterans Affairs,**
**Defendant.**

**Jury Trial:** *(check one)* ☒ Yes ☐ No

**Plaintiff's Original Complaint for Retaliation, Religious discrimination, and Hostile Work Environment and Jury Demand**

1. The Parties to this complaint
   **A. Plaintiff-** Bindhu Poovannumvila, proceeding pro se, files this Original Complaint
   Name: Bindhu A Poovannumvila
   Address: 351, Prairie Ridge Ln
   City and County: Lewisville, Denton County
   State and Zip Code: Texas, 75056
   Telephone number: 4105649205
   Email Address: bindu_tk@yahoo.com
   **B. The Defendant** – The Honorable Douglas A. Collins, Secretary of Veterans Affairs, in his official capacity,
   U.S. Department of Veteran Affairs
   810 Vermont Avenue NW
   Washington, DC. 20420

1.Plaintiff Bindhu A. Poovannumvila, proceeding pro se, files this action under Title VII of the Civil Rights Act of 1964. This action concerns a second administrative EEO matter involving conduct from approximately September 2023 through November 5, 2024. Plaintiff alleges the following based on personal knowledge, information presently available to her, and

11. Plaintiff has exhausted the administrative remedies applicable to the claims asserted in this action.

## III. PARTIES

12. Plaintiff Bindhu Poovannumvila is an employee of the Department of Veterans Affairs and worked within Nursing Education and Academia at the VA North Texas Health Care System during the relevant period.

13. Defendant, The Hon.Douglas A. Collins is the Secretary of Veterans Affairs and is sued solely in his official capacity as the head of the Department of Veterans Affairs, as required for a federal-sector Title VII action.

## IV. ADMINISTRATIVE EXHAUSTION

14. Plaintiff initiated EEO proceedings concerning the conduct underlying this lawsuit.

15. The matter was assigned VA Case No. 2003-549A4-2024-158062 and EEOC Case No. 450-2025-00285X.

16. Plaintiff's amended administrative complaint identified religion and reprisal for previous EEO activity as the bases of discrimination.

17. The Agency accepted an overall hostile-work-environment claim consisting of Events 1 through 12.

18. The Agency additionally accepted Event 7, denial of mentoring and professional guidance, and Event 12, failure to initiate special-achievement recognition after publication of Plaintiff's article, as independently actionable claims.

19. The administrative matter was adjudicated by EEOC Administrative Judge Nicole L. Jackson.

20. On June 25, 2026, the Department of Veterans Affairs issued a Final Order accepting and fully implementing the Administrative Judge's decision. The Final Order notified Plaintiff of her right to file a civil action in an appropriate United States District Court. Plaintiff brings this civil action within the applicable statutory filing period per stated in the final order.

## V. RELATIONSHIP TO EARLIER FEDERAL ACTION

21. Plaintiff previously filed Poovannumvila v. Collins, Civil Action No. 3:25-cv-02398-N-BN, concerning an earlier administrative EEO matter, EEOC Case No. 450-2023-00274X, and earlier challenged conduct.

**A. Reports of Targeting, Bullying, and Humiliation**

29. Between approximately September 5, 2023, and April 5, 2024, Plaintiff repeatedly informed Robert that she believed coworkers were targeting, harassing, bullying, intimidating, humiliating, and singing her out.

30. The coworkers identified in the accepted administrative claim included Shiny Thomas, Alice Renji, Abimbola Owoyele, and Elizabeth Tharappel.

31. Plaintiff identified incidents on or about September 21, 2023, September 23, 2023, October 12, 2023, October 18, 2023, December 9, 2023, and other dates during the accepted period.

32. Plaintiff alleges that Robert failed to take prompt and effective corrective action after being notified of the conduct.

33.Plaintiff alleges that the failure to intervene allowed conduct to continue and intensify contributed to an increasingly hostile workplace.

**B. Exclusion From Work Communications and Information**

34. Between September 2023 and April 5, 2024, Plaintiff alleges that she was deliberately excluded from work-related emails, briefings, meetings, and communications.

35. Plaintiff further alleges that work-related information necessary for her to perform her duties, including coverage information, was withheld from her.

36. Plaintiff alleges that the exclusion interfered with her ability to perform her assigned work and isolated her from coworkers.

37. Plaintiff alleges that this treatment occurred after management knew of her protected EEO activity.

**C. Christian Pamphlets Repeatedly Left on Plaintiff's Desk**

38. Between September 2023 and April 2024, Alice Renji repeatedly left Christian materials, including 'The Daily Bread' pamphlets, on Plaintiff's individual desk, approximately weekly.

39.." Plaintiff did not request the materials. As a practicing Hindu, she found the repeated placement unwelcome, particularly considering the direct statements described below.

40. Plaintiff notified Robert Ruth multiple times and others during staff huddle about the conduct.

55. Plaintiff and Mingo had developed a professional relationship that Plaintiff alleges was mutually beneficial.

56. Plaintiff assisted Mingo with Dallas VA policies and protocols and introduced her to staff.

57. Plaintiff alleges that Robert intervened in the mentoring relationship and told Mingo, in substance, "Don't do that," concerning mentoring Plaintiff.

58. As a result, Plaintiff was denied continued mentoring and professional guidance from Mingo.

59. Plaintiff alleges that neither she nor Mingo received an adequate contemporaneous explanation for the restriction.

60. The Agency expressly accepted this event as an independently actionable claim.

61. Plaintiff alleges that the denial deprived her of professional support, networking, guidance, and career-development opportunities after management knew of her protected EEO activity..

62. Plaintiff further alleges that other employees were permitted or assisted in obtaining professional resources and connections while comparable assistance was denied to her.

**H. April 5, 2024, Administrative Fact-Finding**

63. On April 5, 2024, Robert and Lisa Greenway, Chief Nurse, Bonham Nursing Service, initiated or participated in an administrative fact-finding concerning allegations that Plaintiff had created a toxic or hostile work environment among staff and management.

64. Plaintiff alleges that she was not initially informed of the investigation and learned of it from coworkers who wished to remain anonymous.

65. Plaintiff alleges that the investigation occurred after she had complained about mistreatment and after management knew of her protected EEO activity.

66. Plaintiff alleges that the manner and timing of the investigation, including reliance on disputed or inaccurate material, caused professional and emotional harm and forms part of the alleged retaliatory sequence.

**I. April 30, 2024, Administrative Fact-Finding**

67. On April 30, 2024, Plaintiff was subjected to another administrative fact-finding.

79. Plaintiff alleges that the allegations relied upon for the proposed discipline included matters that the investigator had considered unsubstantiated.

80. Plaintiff further alleges that she had not previously received adequate notice of conduct concerns that would reasonably justify the proposed discipline.

81. The proposed reprimand was subsequently rescinded by EEO and AFGE involvement.

82. Plaintiff alleges that, although rescinded, the proposed reprimand remains relevant to the alleged retaliatory course of conduct and contributed to the hostile workplace.

**L. November 5, 2024, Failure to Initiate Special-Achievement Recognition**

83. Plaintiff authored a scholarly article that was published.

84. On November 5, 2024, Plaintiff alleges that Folashade Oluwafunmi, Plaintiff's supervisor, and Robert willfully failed to initiate special-achievement recognition or incentive for Plaintiff following publication of the article.

85. Plaintiff alleges that Agency policies or practices provided for qualifying scholarly publications to be considered for recognition or an incentive.

86. Plaintiff alleges that applicable Agency policies or practices allowed qualifying scholarly publications to be considered for recognition or an incentive and that management did not apply the normal recognition process to her publication.

87. Plaintiff alleges that Gwendella Robinson, Maria Christi Castro, Maria Thomas, and Robert later caused the organization that published the article to receive inaccurate information that Plaintiff lacked required approval, even though Plaintiff had obtained the approvals required of her.

88. Plaintiff alleges that this resulted in removal of the publication from the organization's website because of the Leaders request and that she did not receive notice until the organization contacted her directly.

89. The loss of recognition and removal of the article allegedly harmed Plaintiff's professional standing, credibility, and opportunities outside the Agency.

89. Plaintiff alleges that management had extensive knowledge of her protected EEO activity by this time and that the departure from normal procedure supports an inference of retaliation and discrimination.

98 Plaintiff further alleges that references to Jesus or Biblical sources were not removed in the same manner.

99. Plaintiff alleges that this difference in treatment is circumstantial evidence that non-Christian religious expression was treated less favorably.

100. Plaintiff contends that this evidence is particularly relevant when considered together with the Christian materials placed on her desk, the statements directed at her Hindu beliefs, and management's alleged failure to take effective corrective action.

## VIII. CONTINUING RETALIATORY COURSE OF CONDUCT

101.Plaintiff engaged in protected EEO activity before the accepted events and continued participating in protected EEO proceedings while the challenged conduct was occurring.

102. Management remained aware that Plaintiff was pursuing discrimination and retaliation complaints.

103.. Plaintiff alleges that the retaliatory course progressed from exclusion and isolation to disclosure of prior discipline, repeated investigations, reversal of Plaintiff's discrimination complaints against her, proposed discipline, interference with mentoring, and denial of professional recognition.

104. These events involved overlapping management officials, the same employment relationship, the same protected EEO activity, and an alleged common retaliatory motive.

105. Plaintiff alleges that the retaliatory course of conduct continued through at least July 2026, while her protected EEO activity remained ongoing and initiated a third EEO case for the claims

106. Plaintiff does not rely on this section to assert unrelated or unexhausted standalone claims; rather, she pleads the continuing course of conduct as part of the context, causation, and hostile-environment theories arising from the accepted administrative claims.

107 Plaintiff alleges that cumulative retaliatory conduct could deter a reasonable employee from initiating, supporting, or continuing an EEO complaint.

## IX. CUMULATIVE AND RETALIATORY CONTEXT

108 Plaintiff alleges that the events described above should be evaluated in their chronological and factual context rather than as unrelated workplace disagreements.

109. Management knew that Plaintiff was Hindu and had engaged in protected EEO activity.

110. Plaintiff alleges that management nevertheless failed to stop expressing religious conduct directed toward her and, in other instances, participated in the challenged actions.

123. Plaintiff experienced actions that, individually or collectively, could dissuade a reasonable employee from making or supporting a discrimination charge, including exclusion from necessary work communications, disclosure of disciplinary information, interference with mentoring, repeated investigations, reversal of her complaints against her, proposed discipline, and denial of or interference with professional recognition.

124. Plaintiff alleges that one or more of these actions, individually and collectively, could dissuade a reasonable employee from making or supporting a charge of discrimination.

125. The causal connection is supported by management knowledge, temporal and sequential proximity, overlapping decisionmakers, the redirection of Plaintiff's complaints against her, the later rescission of proposed discipline, disputed explanations, and alleged departures from normal procedure.

126. Plaintiff alleges that her protected EEO activity was a but-for cause of one or more materially adverse retaliatory actions.

127. Defendant therefore retaliated against Plaintiff in violation of Title VII, 42 U.S.C. § 2000e-16.

## XII. CLAIMT THREE - HOSTILE WORK ENVIRONMENT BASED ON RELIGION AND REPRISAL

### Title VII, 42 U.S.C. § 2000e-16

124. Plaintiff incorporates the preceding paragraphs as though fully set forth here.

125. Plaintiff was subjected to unwelcome conduct concerning her Hindu religion and her protected EEO activity.

126. The expressly religious conduct included Christian pamphlets repeatedly placed on Plaintiff's desk, a Christian Bible placed on her desk, statements that her soul would not reach Heaven if she continued practicing Hinduism, and statements that Jesus was the only savior.

127. Plaintiff repeatedly complained to management and alleged that management did not take prompt and effective corrective action reasonably calculated to end the religiously directed conduct after receiving notice.

128. Plaintiff alleges that the frequency, repetition, expressly religious nature of the statements and desk materials, management's notice and alleged inaction, and the totality of the circumstances altered the conditions of her employment and created an objectively and subjectively hostile or abusive environment.

129. The religious incidents occurred within the same period as exclusion, isolation, disclosure of disciplinary information, interference with professional mentoring, repeated investigations, proposed discipline, and interference with professional recognition.

E. Award back pay for the duration of the retaliatory suspension period; restore all sick leave and annual leave used during this period; award lost employment benefits including the special achievement award, and lost tuition fees; and grant any other economic relief to the extent authorized by law and supported by the evidence.

F. Award compensatory damages for emotional pain, suffering, inconvenience, mental anguish, and other compensable injuries in an amount permitted by federal law;

G. Order appropriate correction of employment records and other remedial employment actions to the extent warranted and permitted by law;

H. Award appropriate prospective relief against further unlawful discrimination and retaliation;

I. Award allowable costs and litigation expenses;

J. Award prejudgment and post-judgment interest where authorized by law; and

K. Grant such other and further relief as the Court deems just and proper.

## XV. Related Disputes.

1. **Federal Civil Case**
   Civil Action No: 3:25-cv-2398-N-BN- Judge Horan/Judge Godbey

2. **EEO Cases**

1.Agency case No:_EEO Case No. 2003-549-2026-171082

2. EEOC-450-2025-00285X AJ Hon. Nicole L Jackson (2025) - Summary Judgement -Base of this case

3.EEOC- 147488 -AJ Hon. Kerrie Qualtrough (2024)

**OAWP**

1. 22-19862
2. 25-28767
3. 25-28766

**HPP**

Case ID-8763(2024)

exhibit to complaint.

**DEPARTMENT OF VETERANS AFFAIRS**
**OFFICE OF EMPLOYMENT DISCRIMINATION COMPLAINT ADJUDICATION**
**WASHINGTON, D.C. 20420**

| | | |
|---|---|---|
| **Bindhu Poovannumvila,** | ) | |
| | ) | |
| **Complainant,** | ) | **VA Case No. 2003-549A4-2024-158062[1]** |
| | ) | |
| **v.** | ) | **EEOC Case No. 450-2025-00285X** |
| | ) | |
| **Secretary,** | ) | **Date: June 25, 2026** |
| **Department of Veterans Affairs,** | ) | |
| | ) | |
| **Agency.** | ) | |

## FINAL ORDER

It is the final action of the Agency in the above-referenced matter to accept and fully implement the attached decision of the EEOC Administrative Judge.

If dissatisfied with this final action, Complainant may appeal or file a civil action as set forth below.

## RIGHT OF APPEAL

Complainant may appeal this final decision or order within 30 calendar days of receipt to: **U.S. Equal Employment Opportunity Commission, Office of Federal Operations (EEOC- OFO)**. The appeal may be filed via the EEOC's Public Portal, U.S. Mail, or Hand-Delivery.

1. **EEOC-OFO recommends that all submissions and communications from complainants be electronic.**

   a. **Appeals submitted electronically should be completed via the EEOC Public Portal at https://publicportal.eeoc.gov/Portal/Login.aspx.** See warning below and detailed instructions attached.

[1] The caption of the EEOC Administrative Judge's decision contains an incorrect VA case number. The caption of this Final Order (and related correspondence) contains the correct VA case number for this case. Thus, by and through the issuance of this Final Order, we have corrected the above-referenced typographical error.

**WARNING!**

**Attorneys and non-legal representatives MUST NOT use the EEOC Public Portal to file appeals on behalf of their clients as the portal will incorrectly list the representative as the complainant. Therefore, COMPLAINANTS MUST file electronic appeals themselves through the EEOC Public Portal regardless of whether they are represented.**

b. **Appeals submitted by mail should be completed by using EEOC Form 573.** A copy of EEOC Form 573 is attached. Appeals submitted by mail should be sent to:

Director
U.S. Equal Employment Opportunity Commission
Office of Federal Operations
P.O. Box 77960
Washington, D.C. 20013

c. **As an alternative to mailing the appeal, the appeal may be hand-delivered to:**

U.S. Equal Employment Opportunity Commission
Office of Federal Operations
131 M St., N.E., Ste. 5SW12G
Washington, D.C. 20507

2. **If mailing or hand-delivering the appeal to the EEOC-OFO, a copy of the appeal must also be sent to the VA Office of General Counsel at the following address:**

U.S. Department of Veterans Affairs
Office of General Counsel (024)
810 Vermont Ave., N.W.
Washington, D.C. 20420

3. Statements or briefs in support of the appeal must be submitted to the EEOC-OFO within 30 calendar days of the filing of the appeal. The EEOC-OFO will accept statements or briefs in support of an appeal, which are ten (10) pages or less, by facsimile transmittal at (202) 663-7022. If statements or briefs are submitted by mail or hand delivery, a copy of any such statement or brief, including any statements made on EEOC's "Appellant Docketing Statement," must also be sent to the VA's Office of General Counsel at the above address.

4. If an appeal is filed with the EEOC-OFO by mail or hand delivery, the appeal, and any subsequently filed statement or brief, must contain a statement certifying the date and method by which copies of these documents were served on the VA's Office of General Counsel.

5. If Complainant files an appeal with the EEOC-OFO beyond the above-noted time limit, Complainant should provide the EEOC-OFO with an explanation as to why the appeal

should be accepted despite its untimeliness. If Complainant cannot explain why timeliness should be excused, the EEOC-OFO may dismiss the appeal as untimely.

**RIGHT TO FILE A CIVIL ACTION**

Complainant also has the right to file a civil action in an appropriate United States District Court. Complainant may file a civil action as follows:

(1) Within 90 days of receipt of this final decision if no appeal to the EEOC-OFO has been filed; OR,

(2) Within 90 days after receipt of the EEOC-OFO's final decision on appeal; OR,

(3) After 180 days from the date of filing an appeal with the EEOC-OFO if there has been no final decision by the Commission.

Complainant must name the official head of the Department of Veterans Affairs, **Douglas A. Collins**, as the Defendant. Complainant may not name just the Department. Complainant must also state the official title of the Department head, which is the **Secretary of Veterans Affairs**. Failure to provide the name or official title of the head of the Department may result in dismissal of the case.

If Complainant decides to file a civil action under Title VII of the Civil Rights Act of 1964 (for discrimination due to race, color, religion, sex, national origin, or reprisal) or under the Rehabilitation Act of 1973, as amended (for discrimination due to disability), and if Complainant does not have or cannot afford the services of an attorney, Complainant may request that the Court appoint an attorney to represent Complainant and that the Court permit Complainant to file the action without payment of fees, costs, or other security. **The grant or denial of the request is within the sole discretion of the Court**. Filing a request for an attorney does not extend the time in which to file a civil action. Both the request and the civil action MUST BE FILED WITHIN NINETY (90) CALENDAR DAYS of the date Complainant receives the final decision from the Department or the Commission.

Kathleen Oddo
Kathleen K. Oddo
Executive Director
Office of Employment Discrimination
Complaint Adjudication

June 25, 2026
Date

Enclosures: EEOC Public Portal Instructions
EEOC Form 573

**DEPARTMENT OF VETERANS AFFAIRS**
**OFFICE OF EMPLOYMENT DISCRIMINATION COMPLAINT ADJUDICATION**
**WASHINGTON, D.C. 20420**

**CERTIFICATE OF SERVICE**

| | |
|---|---|
| Complainant's Name: | Bindhu Poovannumvila |
| VA Case No.: | 2003-549A4-2024-158062 |
| EEOC Case No.: | 450-2025-00285X |

I certify that on June 25, 2026, the foregoing Final Order was sent via e-mail to the individuals and parties shown below.

**Complainant:**
Bindhu Poovannumvila
Bindhu.Poovannumvila@va.gov
bindu_tk@yahoo.com

**Complainant's Representative:**
Octavia N. Crumpton
Octavia@fedemploymentlaw.com

**ORM District Office:**
Office of Resolution Management
ORMContinentalDistrictFrontOffice@va.gov

**Facility Director:**
VHANTXEEO549@va.gov

**Agency Representative:**
Rheanna Felton
Rheanna.Felton@va.gov

**EEOC Administrative Judge:**
Hon. Nicole L. Jackson
Nicole.Jackson@eeoc.gov

______________________________
Signature of Dispatcher

# NOTICE OF APPEAL/PETITION
# TO THE EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

OFFICE OF FEDERAL OPERATIONS
P.O. Box 77960
Washington, DC 20013

**Complainant Information:** (Please Print or Type)

| | |
|---|---|
| Complainant's name (Last, First, M.I.): | |
| Home/mailing address: | |
| City, State, ZIP Code: | |
| Daytime Telephone # (with area code): | |
| E-mail address (if any): | |

**Attorney/Representative Information (if any):**

| | |
|---|---|
| Attorney name: | |
| Non-Attorney Representative name: | |
| Address: | |
| City, State, ZIP Code: | |
| Telephone number (if applicable): | |
| E-mail address (if any): | |

**General Information:**

| | |
|---|---|
| Name of the agency being charged with discrimination: | |
| Identify the Agency's complaint number: | |
| Location of the duty station or local facility in which the complaint arose: | |
| Has a **final action** been taken by the agency, an Arbitrator, FLRA, or MSPB on this complaint? | ______Yes; Date Received____________(Remember to attach a copy)<br>______No<br>______This appeal alleges a breach of settlement agreement |
| Has a complaint been filed on this same matter with the EEOC, <u>another</u> agency, or through any <u>other</u> administrative or collective bargaining procedures? | ______No<br>____Yes (Indicate the agency or procedure, complaint/docket number, and attach a copy, if appropriate) |
| Has a civil action (lawsuit) been filed in connection with this complaint? | ______No<br>______Yes **(Attach a copy of the civil action filed)** |

**NOTICE**: Please **<u>attach a copy of the final decision or order</u>** from which you are appealing. If a hearing was requested, please attach a copy of the agency's final order and a copy of the EEOC Administrative Judge's decision. Any comments or brief in support of this appeal MUST be filed with the EEOC **and** with the agency **<u>within 30 days</u>** of the date this appeal is filed. The date the appeal is filed is the date on which it is postmarked, hand delivered, or faxed to the EEOC at the address above.

| | |
|---|---|
| Signature of complainant or complainant's representative: | |
| Date: | |

# PRIVACY ACT STATEMENT

(This form is covered by the Privacy Act of 1974. Public Law 93-597. Authority for requesting the personal data and the use thereof are given below.)

1. **FORM NUMBER/TITLE/DATE**: EEOC Form 573, Notice of Appeal/Petition, January 2001
2. **AUTHORITY**: 42 U.S.C. § 2000e-16
3. **PRINCIPAL PURPOSE**: The purpose of this questionnaire is to solicit information to enable the Commission to properly and efficiently adjudicate appeals filed by Federal employees, former Federal employees, and applicants for Federal employment.
4. **ROUTINE USES**: Information provided on this form will be used by Commission employees to determine: (a) the appropriate agency from which to request relevant files; (b) whether the appeal is timely; (c) whether the Commission has jurisdiction over the issue(s) raised in the appeal, and (d) generally, to assist the Commission in properly processing and deciding appeals. Decisions of the Commission are final administrative decisions, and, as such, are available to the public under the provisions of the Freedom of Information Act. Some information may also be used in depersonalized form as a data base for statistical purposes.
5. **WHETHER DISCLOSURE IS MANDATORY OR VOLUNTARY AND EFFECT ON INDIVIDUAL FOR NOT PROVIDING INFORMATION**: Since your appeal is a voluntary action, you are not required to provide any personal information in connection with it. However, failure to supply the Commission with the requested information could hinder timely processing of your case, or even result in the rejection or dismissal of your appeal.

---

Send your appeal to:

The Equal Employment Opportunity Commission
Office of Federal Operations
P.O. Box 77960
Washington, D.C. 20013

***During the Coronavirus National Emergency, EEOC OFO does not have access to U.S. Mail; rather, they ask that all submissions and communications from complainants be digital, via the Public Portal/FEDSEP at https://publicportal.eeoc.gov/Portal/Login.aspx***

***For more Commission information and resources, please go to the EEOC's COVID-19 information links at: https://www.eeoc.gov/coronavirus/***

# Electronically Appealing this Agency Decision, Associating an Attorney/Representative and Submitting Documentation Using the EEOC Public Portal

The decision you have just received may be appealed to the Equal Employment Opportunity Commission (EEOC). As an alternative to mailing in your appeal, you may now file it using EEOC's Public Portal.

## WARNING!

**Attorneys and non-legal representatives MUST NOT use the EEOC Public Portal to file appeals on behalf of their clients because the system will incorrectly list the representative as the complainant. Therefore, complainants MUST file appeals themselves through the EEOC Public Portal, regardless of whether they are being represented in their appeal.**

**For EEOC Public Portal assistance, please contact the EEOC, not Office of Employment Discrimination Complaint Adjudication (OEDCA).**

Here are the instructions for filing your appeal in the EEOC Public Portal:

1. The first step is registering for the Public Portal (if you are already registered in the Public Portal, you may skip to #5 below). Go to https://publicportal.eeoc.gov/Portal/Login.aspx, and click on the **Register** link on the upper, right-hand side of the page.




2. Read the EEOC Public Portal's Privacy Policy and click on the **OK** button.
3. Fill out the requested information, being sure to enter the information for the required fields designated by the red asterisk (*). Please note that when you enter your Zip Code and press the **Tab** key, your City and State should auto-populate. Once you enter your email address, click the **Tab** key and then select **Validate**. The Portal will then send an email containing a verification code to the email address you entered. Go to that email account, open the email from "U.S. Equal Employment Opportunity Commission," copy or take note of the code, go back to the Create Account page, paste or enter the code in the box provided, and click **Submit**.




4. Enter at least one telephone number, enter a password twice (to confirm), select and provide the answer to two Security Questions, and click **Submit**. You will then be brought back to the Public Portal Home page.
5. Click on the **Filing with EEOC** icon.



Filing with EEOC

6. In the resulting page, click on the circle next to **Federal Government agency that I applied to, work for, or worked for as a federal employee or contractor**, and then click **Next**.

○ Federal Government agency that I applied to, work for, or worked for as a federal employee or contractor

7. Read the information provided and click on any links of interest. When done, click **Next**.
8. In the resulting page, click on the circle next to **File a new appeal**. Then click **Next**.
9. Read the information on the next screen. Then click **Next**.
10. A **Confirmation** pop-up will appear reminding you that the EEOC Public Portal does not permit attorneys or representatives to file an appeal on behalf of a complainant. If you, as complainant, are filing the appeal, click **Yes**. If you are an attorney or representative, click **No** and instead have complainant file on their own behalf, naming you as their attorney or representative.
11. Read the information you will need to provide to the EEOC. Make sure that it is available so that you can answer the next questions. When you have gathered that information, click **Next**.
12. Review the **Information about you** page to ensure that it is correct. Upon confirming the information is accurate, click **Continue**.
13. If you **do <u>not</u>** have an attorney or representative, click on the circle for **No**, and click **Next** [***You may skip to #16 below***]. <u>IF YOU ARE REPRESENTED BY AN ATTORNEY OR REPRESENTATIVE</u>, click on the circle for **Yes**, and click **Next**.
14. Fill out the required information designated with a red asterisk (*) (again, when you enter your attorney's/rep's Zip code and hit the **Tab** key, the City and State information will auto-populate), and when complete, click **Next**. The system will send a message to the email address you provided for your attorney/representative asking that they verify that they are representing you.



**Representative Information**

**(By providing this information you authorize EEOC to verify this person represents you.)**

Is this person an attorney?* ◉ Yes ○ No

| | | | |
|---|---|---|---|
| Prefix: | | | |
| First Name:* | Amy | Middle: | |
| Last Name:* | Attorney | Suffix: | Esq. |
| Address(1):* | 123 Lawyer Lane | Address(2) | |
| Country:* | United States of America | Zip Code: | 20036 |
| City | WASHINGTON | State: | District Of Columbia |
| Phone Number: | (202) 555-8000 | *(At least one phone number must be entered*)* | |
| Cell Number: | e.g., 1234567890 | Email:* | ether42@netscapezs.com |

Next Back Return Home

15. In the resulting screen you can add another attorney/representative as necessary or edit the information of an existing attorney/representative. When complete, click **Next**.

16. On the **Agency Information** page, fill out the required information designated with a red asterisk (*) (again, when you enter the agency facility's Zip code and click **Tab**, the City and State information will auto-populate). **When selecting the agency named in your complaint, be sure to select the appropriate component against which you brought your EEO complaint**. You can begin typing the agency/component and select it when it appears, or click on the magnifying glass icon and select the agency/component from the resulting list. The **Agency Complaint number** is the number assigned by the agency against which you filed the complaint – not the EEOC Hearing number. When complete, click **Next**.




17. In the second **Agency Information** page, answer the required information designated with a red asterisk (*). If you requested a hearing before an EEOC Administrative Judge (whether/not a hearing was held), be sure to enter the Hearing Number assigned to your request. When complete, click **Submit Appeal**.

18. The EEOC Public Portal will send to the email address you entered into the Public Portal an initial letter acknowledging your appeal request and providing you with next steps and links to helpful resources.

## How to View Documents and Add Documents to Your Appeal

After electronically filing your appeal, you (and your attorney or representative if you have added them to your appeal) can then add documents that EEOC can use to determine whether the appeal is appropriate, and/or that helps support your appeal.

1. While still logged in, or after having again logged in to the Public Portal, click on the **My Cases** icon.



My Cases

2. Click on the link for the Appeal Number for which you are submitting documentation.

3. In the resulting **My Case** page, you can read the current status of your appeal, add or update attorneys/representatives, and, as directed by the information contained in the **My Documents** section, upload or review existing documentation.

4. To review existing documentation, click on the link for the particular file. Once you click **OK** acknowledging that it may take a while to download, you will be prompted to open the file in the appropriate program, usually Adobe Acrobat, or some other PDF reader. Once you click on your preferred program and click **OK**, the document will open for your review. If you wish, you can save the file to your computer. You can do this for any of the files listed in the **My Documents** section.

5. To add documentation to your appeal, e.g., the agency's final decision on your EEO complaint (**adding this document is strongly recommended**), supporting evidence, or (as permitted by EEOC's regulations) a statement or brief in support of your appeal), click on the **Upload** icon.




6. In the resulting window, select from the **Type of Document** drop-down what kind of document you are adding (e.g., "**Appeal**" if you wish to upload the EEOC Form 573 Notice of Appeal/Petition; "**Agency Final Action**" for the agency's decision on your EEO complaint), and then click on the **Attach Document** button. **DO NOT UPLOAD PASSWORD-PROTECTED DOCUMENTS**.




7. You will then be presented with a **File Upload** screen, where you can navigate to where the file you wish to upload is located, select the file, and click **Open**. The file name will then appear in the **Select file to upload** window. Click **Upload**.

8. If the document you uploaded doesn't immediately appear in the list of documents, click once or twice on your browser's **Refresh** icon. Then the document will appear in the list.

9. The Public Portal will send you and any attorneys/representatives you have added an email indicating that your document was successfully added to the appellate record.

10. Repeat Steps 5 through 8 for any other documentation you wish to upload. **Rather than submitting multiple, separate documents individually, make every effort to combine your documents into a single file.** For example, if you want to submit a statement in support of your appeal, and your statement refers to exhibits, combine the statement and exhibits into one document, and then submit that one document. Doing so allows for more efficient and effective review of your appeal file. We note that there are multiple smart phone apps available that allow you to "scan" multiple-page documents into a single digital file.

# NOTICE OF APPEAL/PETITION TO THE EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

OFFICE OF FEDERAL OPERATIONS
P.O. Box 77960
Washington, DC 20013

**Complainant Information:** (Please Print or Type)

| | |
|---|---|
| Complainant's name (Last, First, M.I.): | |
| Home/mailing address: | |
| City, State, ZIP Code: | |
| Daytime Telephone # (with area code): | |
| E-mail address (if any): | |

**Attorney/Representative Information (if any):**

| | |
|---|---|
| Attorney name: | |
| Non-Attorney Representative name: | |
| Address: | |
| City, State, ZIP Code: | |
| Telephone number (if applicable): | |
| E-mail address (if any): | |

**General Information:**

| | |
|---|---|
| Name of the agency being charged with discrimination: | |
| Identify the Agency's complaint number: | |
| Location of the duty station or local facility in which the complaint arose: | |
| Has a **final action** been taken by the agency, an Arbitrator, FLRA, or MSPB on this complaint? | _____Yes; Date Received_____________(Remember to attach a copy)<br>_____No<br>_____This appeal alleges a breach of settlement agreement |
| Has a complaint been filed on this same matter with the EEOC, <u>another</u> agency, or through any <u>other</u> administrative or collective bargaining procedures? | _____No<br>____Yes (Indicate the agency or procedure, complaint/docket number, and attach a copy, if appropriate) |
| Has a civil action (lawsuit) been filed in connection with this complaint? | _____No<br>_____Yes **(Attach a copy of the civil action filed)** |

**NOTICE**: Please **<u>attach a copy of the final decision or order</u>** from which you are appealing. If a hearing was requested, please attach a copy of the agency's final order and a copy of the EEOC Administrative Judge's decision. Any comments or brief in support of this appeal MUST be filed with the EEOC **and** with the agency **<u>within 30 days</u>** of the date this appeal is filed. The date the appeal is filed is the date on which it is postmarked, hand delivered, or faxed to the EEOC at the address above.

| | |
|---|---|
| Signature of complainant or complainant's representative: | |
| Date: | |

# PRIVACY ACT STATEMENT

(This form is covered by the Privacy Act of 1974. Public Law 93-597. Authority for requesting the personal data and the use thereof are given below.)

1. **FORM NUMBER/TITLE/DATE:** EEOC Form 573, Notice of Appeal/Petition, January 2001
2. **AUTHORITY**: 42 U.S.C. § 2000e-16
3. **PRINCIPAL PURPOSE**: The purpose of this questionnaire is to solicit information to enable the Commission to properly and efficiently adjudicate appeals filed by Federal employees, former Federal employees, and applicants for Federal employment.
4. **ROUTINE USES**: Information provided on this form will be used by Commission employees to determine: (a) the appropriate agency from which to request relevant files; (b) whether the appeal is timely; (c) whether the Commission has jurisdiction over the issue(s) raised in the appeal, and (d) generally, to assist the Commission in properly processing and deciding appeals. Decisions of the Commission are final administrative decisions, and, as such, are available to the public under the provisions of the Freedom of Information Act. Some information may also be used in depersonalized form as a data base for statistical purposes.
5. **WHETHER DISCLOSURE IS MANDATORY OR VOLUNTARY AND EFFECT ON INDIVIDUAL FOR NOT PROVIDING INFORMATION**: Since your appeal is a voluntary action, you are not required to provide any personal information in connection with it. However, failure to supply the Commission with the requested information could hinder timely processing of your case, or even result in the rejection or dismissal of your appeal.

---

Send your appeal to:

The Equal Employment Opportunity Commission
Office of Federal Operations
P.O. Box 77960
Washington, D.C. 20013

***During the Coronavirus National Emergency, EEOC OFO does not have access to U.S. Mail; rather, they ask that all submissions and communications from complainants be digital, via the Public Portal/FEDSEP at https://publicportal.eeoc.gov/Portal/Login.aspx***

***For more Commission information and resources, please go to the EEOC's COVID-19 information links at: https://www.eeoc.gov/coronavirus/***

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Washington, D.C. 20507**

Office of
Federal Sector

| | | |
|---|---|---|
| Bindhu Poovannumvila, | ) | |
| Complainant, | ) | |
| | ) | EEOC Case No. 450-2025-00285X |
| | ) | Agency Case No. 200J-549A4-2024-158062 |
| v. | ) | |
| | ) | |
| | ) | |
| Douglas A. Collins, Secretary, | ) | |
| U.S. Department of Veterans Affairs, | ) | |
| Agency. | ) | Date: May 20, 2026 |

# ORDER ENTERING JUDGMENT

For the reasons set forth in the enclosed Decision dated May 20, 2026, judgment in the above-captioned matter is hereby entered in favor of the Agency. A Notice to the Parties explaining their appeal rights is attached.

It is so ORDERED.

*Nicole L. Jackson*

Nicole L. Jackson-Administrative Judge
Federal Sector Hearings Program – Hearings West Division
U.S. Equal Employment Opportunity Commission

## Certificate of Service

On this date, I caused to be delivered to the below-named parties or their representatives by the method(s) indicated, a true copy of the attached instrument.

**Complainant**
Bindhu Poovannumvila, Bindhu.poovannumvila@va.gov
VIA EEOC PUBLIC PORTAL ONLY

**Complainant's Representative**
Octavia N. Crumpton, Esq
Octavia@fedemploymentlaw.com
VIA EEOC PUBLIC PORTAL ONLY

**Agency**
Rheanna Felton, Rheanna.Felton@va.gov
Kyle Johnson, Kyle.Johnson12@va.gov
Office of General Counsel, OGCContinentalDistrictSupervisors@va.gov
VIA EEOC FEDSEP PORTAL ONLY

Date: May 20, 2026

__________________________
Name: Sandra Russell
Title: Legal Assistant
Federal Sector Hearings Program Hearings
West Division

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Washington, D.C. 20507**

Office of
Federal Sector

| | | |
|---|---|---|
| Bindhu Poovannumvila,<br>Complainant, | ) | |
| | ) | EEOC Case No. 450-2025-00285X<br>Agency Case No. 200J-549A4-2024-158062 |
| v. | ) | |
| Douglas A. Collins, Secretary,<br>U.S. Department of Veterans Affairs,<br>Agency. | ) | Date: May 20, 2026 |

# DECISION AND ORDER GRANTING THE AGENCY'S MOTION FOR SUMMARY JUDGMENT

This matter is before the U.S. Equal Employment Opportunity Commission (EEOC) pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.,* the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 621 *et seq.,* and Section 501 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 791 *et seq.,* which prohibit employment discrimination based on disability and reprisal. All prerequisites for an EEOC hearing have been satisfied as set forth in the EEOC regulations at 29 C.F.R. § 1614.101, *et seq.,* which govern the administrative processing of federal sector employment discrimination complaints.

## A. Procedural Background.

The above-captioned matter was assigned to the undersigned Administrative Judge on August 21, 2025. An Initial Conference was conducted on January 15, 2026. Pursuant to the Initial Conference Summary and Order (IC Order), the following dates were set for dispositive motions: Motion for Summary Judgment March 31, 2026, response to the Motion for Summary Judgment April 15, 2026, and reply to response for Motion for Summary Judgment April 20, 2026. The parties' filings were submitted timely.

## B. Decision

The undersigned Administrative Judge has thoroughly reviewed the complete Report of Investigation (ROI), the Agency's filings, Complainant's filing, and finds the record sufficiently and adequately developed. The Agency's Motion for Summary Judgment (Motion) identifies the statement of issues, statement of material facts, statement of law, argument, and grounds upon which the case should be decided without a hearing.

The undersigned having carefully reviewed the Agency's Motion, the complete record, applicable law, and considering the evidence in the light most favorable to Complainant, agrees in all material respects with the identified accepted issues, the undisputed material facts, law and argument identified in the Agency's Motion. In the response, Complainant offered conclusory statements and subjective beliefs. The Commission has consistently stated that statements of belief, no matter how genuinely held, are not proof and cannot withstand legal scrutiny. *George v. U.S. Postal Serv.*, EEOC Appeal No. 01A31214 (July 28, 2003); *Stewart v. USPS*, Appeal No. 01A05499 (2001) (a complainant's own conclusory allegations of discrimination are insufficient to create an issue of fact). An opposing party may not rest upon mere allegations or denials in the pleadings or upon conclusory statements in affidavits; rather, a party must go beyond the pleadings and support the party's contentions with proper documentary evidence. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). Only disputes over facts that might affect the outcome of the suit under governing law, and not irrelevant or unnecessary factual disputes, will preclude the entry of summary judgment. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Accordingly, there are no genuine issues of material fact to be resolved or credibility determinations to be made at a hearing. Therefore, pursuant to 29 C.F.R. § 1614.109, the Agency's Motion for Summary Judgment is **GRANTED** in its entirety. The Agency's Motion and reply are adopted and incorporated into this Decision.

All future events in the case are canceled.

It is so ORDERED.

*Nicole L. Jackson*

Nicole L. Jackson-Administrative Judge
Federal Sector Hearings Program – Hearings West Division
U.S. Equal Employment Opportunity Commission

## Certificate of Service

On this date, I caused to be delivered to the below-named parties or their representatives by the method(s) indicated, a true copy of the attached instrument.

**Complainant**
Bindhu Poovannumvila, Bindhu.poovannumvila@va.gov
VIA EEOC PUBLIC PORTAL ONLY

**Complainant's Representative**
Octavia N. Crumpton, Esq
Octavia@fedemploymentlaw.com
VIA EEOC PUBLIC PORTAL ONLY

**Agency**
Rheanna Felton, Rheanna.Felton@va.gov
Kyle Johnson, Kyle.Johnson12@va.gov
Office of General Counsel, OGCContinentalDistrictSupervisors@va.gov
VIA EEOC FEDSEP PORTAL ONLY

Date: May 20, 2026

Name: Sandra Russell
Title: Legal Assistant
Federal Sector Hearings Program Hearings
West Division

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Washington, D.C. 20507**

Office of
Federal Sector

| | |
|---|---|
| Bindhu Poovannumvila,<br>Complainant, | ) EEOC Case No. 450-2025-00285X<br>) Agency Case No. 200J-549A4-2024-158062 |
| v. | ) |
| Douglas A. Collins, Secretary,<br>U.S. Department of Veterans Affairs,<br>Agency. | ) Date: May 20, 2026 |

**NOTICE TO THE PARTIES**

This is a decision by an Equal Employment Opportunity Commission Administrative Judge issued pursuant to 29 C.F.R. §§ 1614.109(b), 109(g) or 109(i). **With the exception detailed below, Complainant may not appeal to the Commission directly from this decision.** EEOC regulations require the Agency to take final action on the complaint by issuing a final order notifying Complainant whether or not the Agency will fully implement this decision within forty (40) calendar days of receipt of the hearing file and this decision.

Complainant may appeal to the Commission within thirty (30) calendar days of receipt of the Agency's final order. Complainant may file an appeal whether the Agency decides to fully implement this decision or not.

The Agency's final order shall also contain notice of Complainant's right to appeal to the Commission, the right to file a civil action in federal district court, the name of the proper defendant in any such lawsuit, and the applicable time limits for such appeal or lawsuit. If the final order does not fully implement this decision, the Agency must also simultaneously file an appeal to the Commission in accordance with 29 C.F.R. § 1614.403 and append a copy of the appeal to the final order. A copy of EEOC Form 573 must be attached. A copy of the final order shall also be provided by the Agency to the Administrative Judge.

If the Agency has not issued its final order within forty (40) calendar days of its receipt of the hearing file and this decision, Complainant may file an appeal to the Commission directly from this decision. In this event, a copy of the Administrative Judge's decision should be attached to the appeal. Complainant should furnish a copy of the appeal to the Agency at the same time it is filed with the Commission and should certify to the Commission the date and method by which such service was made on the Agency.

You may file an appeal with the Commission's Office of Federal Sector **when you receive a final order from the agency informing you whether the agency will or will not fully implement this decision**. 29 C.F.R. § 1614.110(a). You will have **thirty (30) days** to file an appeal from the time you receive the agency's final order. If the agency fails to issue a final order, you have the right to file your own appeal any time after the conclusion of the agency's (40) day period for issuing a final order. *See* EEO MD-110, 9-3. In either case, please attach a copy of this decision with your appeal.

**Do not send your appeal to the Administrative Judge**. Your appeal must be filed with the Office of Federal Sector at the address set forth below. If you do not use the EEOC Public Portal to file your appeal, you must send a copy of your appeal to the agency at the same time that you file it with the Office of Federal Sector, and you must certify the date and method by which you sent a copy of your appeal to the agency.

## HOW TO FILE AN APPEAL

**RECOMMENDED METHOD** – The EEOC highly recommends that you file your appeal online using the EEOC Public Portal at https://publicportal.eeoc.gov/, and clicking on the "Filing with the EEOC" link. If you have not already registered in the Public Portal, you will be asked to register by entering your contact information and confirming your email address. Once you are registered you can request an appeal, upload relevant documents (e.g., a statement or brief in support of your appeal), and manage your personal and representative information. During the adjudication of your appeal, you can also use the Public Portal to view and download the appellate record. **If you use the Public Portal to file your appeal, you do not have to send a copy to the agency.** A complainant with an account with the EEOC's Public Portal may waive receipt of the appellate decision via U.S. mail and receive the decision via the EEOC Public Portal. Federal agencies will receive the appellate decision via the FedSEP digital platform.

BY MAIL – You may mail your written appeal to:

Director, Office of Federal Sector
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013-8960

BY HAND DELIVERY OR COURIER – You can also hand-deliver or send your appeal by courier service to:

Director, Office of Federal Sector
Equal Employment Opportunity Commission
131 M St., NE
Washington, D.C. 20507

BY FAX – Finally, you may send it by facsimile to (202) 663-7022.

If you elect to mail, deliver, or fax your appeal you should use EEOC Form 573, Notice of Appeal/Petition, and should indicate what you are appealing. Additionally, you must serve the agency with a copy of your appeal and include a statement certifying the date and method by which service to the agency was made. Facsimile transmissions over 10 pages will not be accepted.

## COMPLIANCE WITH AN AGENCY FINAL ACTION

An Agency's final action that has not been the subject of an appeal to the Commission or civil action is binding on the Agency. *See* 29 C.F.R. § 1614.504. If Complainant believes that the Agency has failed to comply with the terms of its final action, Complainant shall notify the Agency's EEO Director, in writing, of the alleged noncompliance within thirty (30) calendar days of when the complainant knew or should have known of the alleged noncompliance. The Agency shall resolve the matter and respond to the complainant in writing. If Complainant is not satisfied with the Agency's attempt to resolve the matter, he or she may appeal to the Commission for a determination of whether the Agency has complied with the terms of its final action. Complainant may file such an appeal within thirty (30) calendar days of receipt of the Agency's determination or, in the event that the Agency fails to respond, at least thirty-five (35) calendar days after Complainant has served the Agency with the allegations of noncompliance. A copy of the appeal must be served on the Agency, and the Agency may submit a response to the Commission within thirty (30) calendar days of receiving the notice of appeal.

exhibit to Complaint.

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Washington, D.C. 20507**

Office of
Federal Sector

| | | |
|---|---|---|
| Bindhu Poovannumvila, Complainant, | ) | EEOC Case No. 450-2025-00285X |
| v. | ) | Agency Case No. 200J-549A4-2024-158062 |
| Douglas A. Collins, Secretary, U.S. Department of Veterans Affairs, Agency. | ) | Date: May 20, 2026 |

## ORDER ENTERING JUDGMENT

For the reasons set forth in the enclosed Decision dated May 20, 2026, judgment in the above-captioned matter is hereby entered in favor of the Agency. A Notice to the Parties explaining their appeal rights is attached.

It is so ORDERED.

Nicole L. Jackson

Nicole L. Jackson-Administrative Judge
Federal Sector Hearings Program – Hearings West Division
U.S. Equal Employment Opportunity Commission

# Certificate of Service

On this date, I caused to be delivered to the below-named parties or their representatives by the method(s) indicated, a true copy of the attached instrument.

**Complainant**
Bindhu Poovannumvila, Bindhu.poovannumvila@va.gov
VIA EEOC PUBLIC PORTAL ONLY

**Complainant's Representative**
Octavia N. Crumpton, Esq
Octavia@fedemploymentlaw.com
VIA EEOC PUBLIC PORTAL ONLY

**Agency**
Rheanna Felton, Rheanna.Felton@va.gov
Kyle Johnson, Kyle.Johnson12@va.gov
Office of General Counsel, OGCContinentalDistrictSupervisors@va.gov
VIA EEOC FEDSEP PORTAL ONLY

Date: May 20, 2026

SANDRA RUSSELL Digitally signed by SANDRA RUSSELL Date: 2026.05.20 17:26:50 -05'00'

Name: Sandra Russell
Title: Legal Assistant
Federal Sector Hearings Program Hearings
West Division

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Washington, D.C. 20507**

Office of
Federal Sector

| | | |
|---|---|---|
| Bindhu Poovannumvila, Complainant, | ) | EEOC Case No. 450-2025-00285X |
| | ) | Agency Case No. 200J-549A4-2024-158062 |
| v. | ) | |
| Douglas A. Collins, Secretary, U.S. Department of Veterans Affairs, Agency. | ) | Date: May 20, 2026 |

# DECISION AND ORDER GRANTING THE AGENCY'S MOTION FOR SUMMARY JUDGMENT

This matter is before the U.S. Equal Employment Opportunity Commission (EEOC) pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.,* the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 621 *et seq.,* and Section 501 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 791 *et seq.,* which prohibit employment discrimination based on disability and reprisal. All prerequisites for an EEOC hearing have been satisfied as set forth in the EEOC regulations at 29 C.F.R. § 1614.101, *et seq.,* which govern the administrative processing of federal sector employment discrimination complaints.

## A. Procedural Background.

The above-captioned matter was assigned to the undersigned Administrative Judge on August 21, 2025. An Initial Conference was conducted on January 15, 2026. Pursuant to the Initial Conference Summary and Order (IC Order), the following dates were set for dispositive motions: Motion for Summary Judgment March 31, 2026, response to the Motion for Summary Judgment April 15, 2026, and reply to response for Motion for Summary Judgment April 20, 2026. The parties' filings were submitted timely.

## B. Decision

The undersigned Administrative Judge has thoroughly reviewed the complete Report of Investigation (ROI), the Agency's filings, Complainant's filing, and finds the record sufficiently and adequately developed. The Agency's Motion for Summary Judgment (Motion) identifies the statement of issues, statement of material facts, statement of law, argument, and grounds upon which the case should be decided without a hearing.

The undersigned having carefully reviewed the Agency's Motion, the complete record, applicable law, and considering the evidence in the light most favorable to Complainant, agrees in all material respects with the identified accepted issues, the undisputed material facts, law and argument identified in the Agency's Motion. In the response, Complainant offered conclusory statements and subjective beliefs. The Commission has consistently stated that statements of belief, no matter how genuinely held, are not proof and cannot withstand legal scrutiny. *George v. U.S. Postal Serv.*, EEOC Appeal No. 01A31214 (July 28, 2003); *Stewart v. USPS*, Appeal No. 01A05499 (2001) (a complainant's own conclusory allegations of discrimination are insufficient to create an issue of fact). An opposing party may not rest upon mere allegations or denials in the pleadings or upon conclusory statements in affidavits; rather, a party must go beyond the pleadings and support the party's contentions with proper documentary evidence. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). Only disputes over facts that might affect the outcome of the suit under governing law, and not irrelevant or unnecessary factual disputes, will preclude the entry of summary judgment. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Accordingly, there are no genuine issues of material fact to be resolved or credibility determinations to be made at a hearing. Therefore, pursuant to 29 C.F.R. § 1614.109, the Agency's Motion for Summary Judgment is **GRANTED** in its entirety. The Agency's Motion and reply are adopted and incorporated into this Decision.

All future events in the case are canceled.

It is so ORDERED.

*Nicole L. Jackson*

Nicole L. Jackson-Administrative Judge
Federal Sector Hearings Program – Hearings West Division
U.S. Equal Employment Opportunity Commission

## Certificate of Service

On this date, I caused to be delivered to the below-named parties or their representatives by the method(s) indicated, a true copy of the attached instrument.

**Complainant**
Bindhu Poovannumvila, Bindhu.poovannumvila@va.gov
VIA EEOC PUBLIC PORTAL ONLY

**Complainant's Representative**
Octavia N. Crumpton, Esq
Octavia@fedemploymentlaw.com
VIA EEOC PUBLIC PORTAL ONLY

**Agency**
Rheanna Felton, Rheanna.Felton@va.gov
Kyle Johnson, Kyle.Johnson12@va.gov
Office of General Counsel, OGCContinentalDistrictSupervisors@va.gov
VIA EEOC FEDSEP PORTAL ONLY

Date: May 20, 2026

SANDRA RUSSELL Digitally signed by SANDRA RUSSELL Date: 2026.05.20 17:25:58 -05'00'
Name: Sandra Russell
Title: Legal Assistant
Federal Sector Hearings Program Hearings
West Division

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Washington, D.C. 20507**

Office of
Federal Sector

| | |
|---|---|
| Bindhu Poovannumvila,<br>Complainant,<br><br>v.<br><br>Douglas A. Collins, Secretary,<br>U.S. Department of Veterans Affairs,<br>Agency. | EEOC Case No. 450-2025-00285X<br>Agency Case No. 200J-549A4-2024-158062<br><br>Date: May 20, 2026 |

## NOTICE TO THE PARTIES

This is a decision by an Equal Employment Opportunity Commission Administrative Judge issued pursuant to 29 C.F.R. §§ 1614.109(b), 109(g) or 109(i). **With the exception detailed below, Complainant may not appeal to the Commission directly from this decision.** EEOC regulations require the Agency to take final action on the complaint by issuing a final order notifying Complainant whether or not the Agency will fully implement this decision within forty (40) calendar days of receipt of the hearing file and this decision.

Complainant may appeal to the Commission within thirty (30) calendar days of receipt of the Agency's final order. Complainant may file an appeal whether the Agency decides to fully implement this decision or not.

The Agency's final order shall also contain notice of Complainant's right to appeal to the Commission, the right to file a civil action in federal district court, the name of the proper defendant in any such lawsuit, and the applicable time limits for such appeal or lawsuit. If the final order does not fully implement this decision, the Agency must also simultaneously file an appeal to the Commission in accordance with 29 C.F.R. § 1614.403 and append a copy of the appeal to the final order. A copy of EEOC Form 573 must be attached. A copy of the final order shall also be provided by the Agency to the Administrative Judge.

If the Agency has not issued its final order within forty (40) calendar days of its receipt of the hearing file and this decision, Complainant may file an appeal to the Commission directly from this decision. In this event, a copy of the Administrative Judge's decision should be attached to the appeal. Complainant should furnish a copy of the appeal to the Agency at the same time it is filed with the Commission and should certify to the Commission the date and method by which such service was made on the Agency.

You may file an appeal with the Commission's Office of Federal Sector **when you receive a final order from the agency informing you whether the agency will or will not fully implement this decision**. 29 C.F.R. § 1614.110(a). You will have **thirty (30) days** to file an appeal from the time you receive the agency's final order. If the agency fails to issue a final order, you have the right to file your own appeal any time after the conclusion of the agency's (40) day period for issuing a final order. *See* EEO MD-110, 9-3. In either case, please attach a copy of this decision with your appeal.

**Do not send your appeal to the Administrative Judge**. Your appeal must be filed with the Office of Federal Sector at the address set forth below. If you do not use the EEOC Public Portal to file your appeal, you must send a copy of your appeal to the agency at the same time that you file it with the Office of Federal Sector, and you must certify the date and method by which you sent a copy of your appeal to the agency.

## HOW TO FILE AN APPEAL

**RECOMMENDED METHOD** – The EEOC highly recommends that you file your appeal online using the EEOC Public Portal at https://publicportal.eeoc.gov/, and clicking on the "Filing with the EEOC" link. If you have not already registered in the Public Portal, you will be asked to register by entering your contact information and confirming your email address. Once you are registered you can request an appeal, upload relevant documents (e.g., a statement or brief in support of your appeal), and manage your personal and representative information. During the adjudication of your appeal, you can also use the Public Portal to view and download the appellate record. **If you use the Public Portal to file your appeal, you do not have to send a copy to the agency.** A complainant with an account with the EEOC's Public Portal may waive receipt of the appellate decision via U.S. mail and receive the decision via the EEOC Public Portal. Federal agencies will receive the appellate decision via the FedSEP digital platform.

BY MAIL – You may mail your written appeal to:

Director, Office of Federal Sector
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013-8960

BY HAND DELIVERY OR COURIER – You can also hand-deliver or send your appeal by courier service to:

Director, Office of Federal Sector
Equal Employment Opportunity Commission
131 M St., NE
Washington, D.C. 20507

BY FAX – Finally, you may send it by facsimile to (202) 663-7022.

If you elect to mail, deliver, or fax your appeal you should use EEOC Form 573, Notice of Appeal/Petition, and should indicate what you are appealing. Additionally, you must serve the agency with a copy of your appeal and include a statement certifying the date and method by which service to the agency was made. Facsimile transmissions over 10 pages will not be accepted.

**COMPLIANCE WITH AN AGENCY FINAL ACTION**

An Agency's final action that has not been the subject of an appeal to the Commission or civil action is binding on the Agency. *See* 29 C.F.R. § 1614.504. If Complainant believes that the Agency has failed to comply with the terms of its final action, Complainant shall notify the Agency's EEO Director, in writing, of the alleged noncompliance within thirty (30) calendar days of when the complainant knew or should have known of the alleged noncompliance. The Agency shall resolve the matter and respond to the complainant in writing. If Complainant is not satisfied with the Agency's attempt to resolve the matter, he or she may appeal to the Commission for a determination of whether the Agency has complied with the terms of its final action. Complainant may file such an appeal within thirty (30) calendar days of receipt of the Agency's determination or, in the event that the Agency fails to respond, at least thirty-five (35) calendar days after Complainant has served the Agency with the allegations of noncompliance. A copy of the appeal must be served on the Agency, and the Agency may submit a response to the Commission within thirty (30) calendar days of receiving the notice of appeal.

JS 44 (Rev. 03/24)

# CIVIL COVER SHEET

3-26CV-2944-E

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

Bindhu A Poovannumvila

**(b)** County of Residence of First Listed Plaintiff ____________
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

**DEFENDANTS**

Douglas A Collins, Secretary, U.S Department of Veteran Affairs810 Vermont Avenue, NW )Washington, DC 20420

County of Residence of First Listed Defendant ____________
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

RECEIVED
AUG 31 2026
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SJF

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [x] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [x] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)* Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [x] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

**V. ORIGIN** *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
Ongoing retaliation/reprisal, religious discrimination, hostile work environment, defamation and intentional damage of reputation.

Brief description of cause: - Please see the original complaint.

**VII. REQUESTED IN COMPLAINT:**

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes [ ] No

**VIII. RELATED CASE(S) IF ANY** *(See instructions):*

JUDGE Judge David L.Horan/Judge David C. Godbey DOCKET NUMBER Civil Action No3:25-cv-2398-N-BN

DATE SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # ________ AMOUNT ________ APPLYING IFP ________ JUDGE ________ MAG. JUDGE ________